ABRAM MORRIS, administrator of John Britton, deceased,

v.

CHARLES HILL and others.

A common rumor that an injunction has been dissolved, will not excuse the breach of it.

---

Bill for injunction.   Attachment for contempt for breach of injunction.   Motion for discharge from custody under the attachment.

*Mr. G. C. Beekman,* for the motion.

*Mr. C. Robbins, contra.*

THE CHANCELLOR.

It appears by the answer of the defendants, Ainsbro, Murdock and Hill, to the interrogatories on which they have been examined, that they have been guilty of the contempt with which they are charged.   They seek to excuse themselves by alleging that they supposed that the injunction had been dissolved.   They say it was currently stated, was " general talk," " common rumor," that it had been removed, and they regarded the fact that a large number of persons were oystering upon the complainant's grounds, as evidence that the rumor was well founded.   They thereupon, without making inquiry of their counsel, or of any one else on whose statements on the subject they would have been warranted in relying, entered upon the complainant's

grounds, in spite of the injunction, and took his property and converted it to their own use. They were parties to this suit, and had answered therein. They had full knowledge of the existence of the injunction. It had been duly served on each of them, and they admit that they fully understood it. So far from having reason to suppose that it had been dissolved, they must have known, and they do not deny that they did know, that the motion made by their counsel to dissolve it upon the bill and their answer, was at the last term denied on the ground that the case was one in which the injunction should be retained until the final hearing. Their conduct exhibits a spirit of determination to set the mandate of the court at defiance. They have not cleared themselves by their examination on the interrogatories. They are each adjudged to be guilty of contempt, and will be committed accordingly. They have been in confinement under the attachment since the service of that writ upon them, and I am willing to take that into account in fixing the punishment. They will be discharged on payment of the costs of the proceedings upon the contempt, and the fine of $1, for the benefit of the state, which the statute makes it my duty to impose on each of them. In the meantime they will stand committed to the jail of the county of Monmouth until they shall pay those costs, and respectively pay their fine.